[881 NYS2d 175]

In the Matter of CHARLES J. DIVEN, JR. (Admitted as CHARLES JAMES DIVEN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 23, 2009

## APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Fredda Fixler-Fuchs* of counsel), for petitioner.

*Kaminsky & Rich*, White Plains (*Walter L. Rich* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated September 10, 2007, containing nine charges of professional misconduct. After a preliminary conference on January 11, 2008, and a hearing on April 11, 2008, the Special Referee sustained all nine charges. The Grievance Committee now moves to confirm in full the report of the Special Referee and to impose such discipline as the Court may deem just and appropriate. The respondent has cross-moved to confirm the Special Referee's report with respect to charges one, two, three, and eight, and to disaffirm with respect to charges four, five, six, seven, and nine, and to limit the discipline imposed to a public censure.

Charges one through seven emanate from a complaint by Sheila Freedman (hereinafter Mrs. Freedman). Charges eight and nine relate to the respondent's representation of Mr. and Mrs. Comis.

Charge one alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law by failing to properly identify his attorney escrow account, in violation of Code of Professional Responsibility DR 9-102 (b) (2) (22 NYCRR 1200.46 [b] [2]).

The respondent maintained an attorney trust account at Hudson Valley Bank entitled "Charles Diven, Jr., Esq." He failed to maintain that account in a proper manner in that it was not identified as an attorney special or attorney trust account. Neither the checks nor the deposit tickets bore the required title.

Charge two alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law by failing to

safeguard funds entrusted to him in breach of his fiduciary duty, in violation of DR 9-102 (a) (22 NYCRR 1200.46 [a]).

The respondent prepared a separation agreement for Mrs. Freedman and her husband, Terry Freedman (hereinafter Mr. Freedman), executed on February 26, 2002. Pursuant to section four of that agreement, the respondent was to have held a portion of the sale proceeds from the sale of the marital residence in his escrow account to pay Mrs. Freedman's federal tax obligations. The respondent testified that he made an internal transfer of funds from Mrs. Freedman on or about March 8, 2002, and credited those funds to the benefit of another client, Mr. Adler. The funds were subsequently disbursed on behalf of Mr. Adler. The respondent failed to maintain any funds in his escrow account to cover Mrs. Freedman's federal tax obligations.

Charge three alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law by simultaneously representing parties with differing interests, in violation of DR 5-105 (a) and (b) (22 NYCRR 1200.24 [a], [b]).

Based upon paragraph six of the separation agreement, the respondent was to represent both Mr. and Mrs. Freedman. He failed to protect Mrs. Freedman's interests and failed to pursue matters he was to have handled on her behalf, such as the divorce, a bankruptcy petition, and resolution of tax issues. The respondent also failed to safeguard the funds he was to be holding for payment of Mrs. Freedman's tax liabilities and allowed Mr. Freedman to use those funds to repay Mr. Adler.

Charge five alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law by representing a party against a former client in a substantially related matter, in violation of DR 5-108 (22 NYCRR 1200.27).

The interests of Mr. Freedman were materially adverse to those of Mrs. Freedman. After Mrs. Freedman retained new counsel in Mississippi, the respondent continued to represent Mr. Freedman in the divorce action without obtaining Mrs. Freedman's consent to his representation after full disclosure.

Charge six alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law by neglecting a legal matter entrusted to him, in violation of DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

For more than one year, from March 2002 to July 2003, the respondent failed to pursue the matters for which Mrs. Freedman retained him, requiring her to retain a new attorney.

Charge eight alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law by neglecting a legal matter entrusted to him, in violation of DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

The respondent was retained by Mr. and Mrs. Comis in December 2001 to bring a civil action against the car dealer who sold them a vehicle which had been driven 80,000 miles more than was indicated on the odometer. The Comises gave the respondent the sum of $800 for filing fees. The respondent failed to communicate with the Comises, who were unable to ascertain the status of this matter. The respondent was not able to provide any proof that he had commenced the action in 2001 as claimed. The respondent failed to take any action on this case until after the instant complaint was filed, approximately four years later.

Charge nine alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

The Grievance Committee asked the respondent to furnish a copy of the summons and complaint he allegedly filed with the court and served on the defendant in or about December 2001. Along with his answer to the complaint, the respondent included a copy of a summons and complaint bearing index No. 09351/01. The respondent furnished a copy of an undated verification and a default judgment form bearing only the names of the plaintiffs and the defendant. The aforementioned index number was assigned to a totally unrelated case which was disposed of before the Honorable Joan Lefkowitz.

A name search by the Westchester County Clerk revealed that the names did correspond to a lawsuit under index No. 09351/05, which was filed on June 9, 2005, the date the respondent sent his answer to the Grievance Committee.

Based on the evidence adduced, we find that the Special Referee properly sustained charges one, two, three, five, six, eight, and nine, but improperly sustained charges four and seven. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted to the extent of sustaining charges one, two, three, five, six, eight, and nine, and is otherwise denied. The respondent's cross motion to confirm in part and disaffirm in part the Special Referee's report is granted to the extent that charges four and seven are not sustained, and is otherwise denied.

In determining an appropriate measure of discipline to impose, the Grievance Committee points out that the respon-

dent's disciplinary history consists of three letters of caution, one dated April 22, 2004 and two dated March 15, 2004. Those matters involved neglect, failure to forward settlement funds to the complainant, and failure to maintain an escrow account in good order and to make the bank accountable for its errors and inconsistencies. The respondent failed to take the opportunity to request a hearing with respect to those letters and should not now be permitted to recast them in a way he would like them to be viewed.

By way of mitigation, the respondent submits that he was merely trying to help out Mr. and Mrs. Freedman, who had little or no liquid assets and who sought his help in terminating their marriage and resolving related issues. He asks the Court to view the Comis matter as a reflection of the inexperience of himself and his staff in maintaining records and tracking the status of a case. He asks the Court to also consider the nature of a small, one-attorney practice and his cooperation with the Grievance Committee.

While the respondent may not have converted Mr. and Mrs. Freedman's funds for his own benefit, he did convert their funds held in his escrow account by turning them over to Mr. Adler, another client. While law office failure may have played a role in the initial handling of the Comis matter, the respondent should not be permitted to rely on that excuse for providing a false document to the Grievance Committee.

The respondent's misconduct, which includes neglect of two legal matters, failing to safeguard funds entrusted to him in escrow, failing to properly identify his escrow account, and simultaneously representing parties with divergent interests, evinces gross misjudgment. Accordingly, he is suspended from the practice of law for a period of five years.

PRUDENTI, P.J., MASTRO, RIVERA, SPOLZINO and SKELOS, JJ., concur.

Ordered that the Grievance Committee's motion to confirm the Special Referee's report is granted to the extent that charges one, two, three, five, six, eight, and nine are sustained, and is otherwise denied; and it is further,

Ordered that the respondent's cross motion to confirm in part and disaffirm in part the Special Referee's report is granted to the extent that charges four and seven are not sustained, and is otherwise denied; and it is further,

Ordered that the respondent, Charles J. Diven, Jr., admitted as Charles James Diven, is suspended from the practice of law

for a period of five years, commencing July 24, 2009, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of five years, upon furnishing satisfactory proof that during that period he (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (c) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (2); and (d) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Charles J. Diven, Jr., admitted as Charles James Diven, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.

Ordered that if Charles J. Diven, Jr., admitted as Charles James Diven, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).